UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MALCOLM JACKSON,

    Plaintiff,

v.       05-CV-3030

LARRY KURFMAN,
STEVEN D. MOTE,
DAVID A. LINGLE,
WILLIAM MYERS,
ROGER E. WALKER

    Defendants.

### Order Granting Summary Judgment

The claims in this case are:

1)     The defendants violated the plaintiff's 14th Amendment procedural due process rights by failing to give him notice of and an opportunity to appear at his disciplinary hearing on June 23, 2003.

2)     The conditions the plaintiff endured in segregation in Pontiac Correctional Center violated his Eighth Amendment right to be free from cruel and unusual punishment. The plaintiff alleges that he did not receive sufficient quantities of food, allegedly losing 18 pounds.

(d/e 9).

Before the Court is the defendants' motion for summary judgment. Despite being given an extension, the plaintiff has never responded. The defendants' undisputed facts are therefore accepted as true.[1]

---

[1] Central District of Illinois Local Rule 7.1(D)(2) provides that ". . .[F]ailure to respond shall be deemed an admission of the motion [for summary judgment]." Additionally, the plaintiff was warned that the defendants' statement of facts would be accepted as true if the plaintiff failed to submit evidence to contradict those statements. Rule 56 Notice, d/e 35; *See also Smith v. Lamz*, 321 F.3d 680, 682-83 (7th Cir. 2003), *quoting Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000)( . . . "[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission. . . ." (citation omitted)).

**Summary Judgment Standard**

A party moving for summary judgment must show, from the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . ." that there is no genuine issue of material fact and that the "moving party is entitled to judgment as a matter of law. *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986);Fed. R. Civ. P.56(c). This burden can be satisfied by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If such a showing is made, the burden shifts to the non-movant to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Outlaw*, 259 F.3d at 837. A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position. *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir. 1994). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." *Mechnig v. Sears, Roebuck & Co.*, 864 F.2d 1359 (7th Cir. 1988). "Summary judgement is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgement must be granted." *Jones v. Johnson*, 26 F.3d 727, 728 (7th Cir. 1994).

**Undisputed Facts**[2]

1. Plaintiff was an inmate with the Illinois Department of Corrections, identified with the Department of Corrections number B79519. (Complaint at 1, ¶ 1.)

2. Defendant Roger E. Walker Jr. is the Director of the Illinois Department of Corrections. (Complaint at 2, ¶ 1.)

3. During the time period relevant to Plaintiff's Complaint, Defendant Stephen D. Mote was the Warden of Pontiac Correctional Center. Complaint at 1, ¶ 3.

4. Defendant Dave Lingle is employed at Pontiac Correctional Center, and served on the Adjustment Committee at Pontiac on June 23, 2003. (Complaint at 1, ¶ 4; Defendants' Exhibit 2, Adjustment Committee Final Summary Report from hearing held June 23, 2003.)

5. Defendant William Myers is employed at Pontiac Correctional Center. (Complaint at 1, ¶ 5.)

6. Defendant Larry Kurfman is a Correctional Lieutenant employed at Western Illinois Correctional Center. (Complaint at 1, ¶ 2.)

---

[2]Lifted verbatim from defendant's memorandum in support of their motion (d/e 28, p.2 *et seq.*).

2

7. On June 17, 2003, Plaintiff was incarcerated at Western Illinois Correctional Center. (Defendants' Exhibit 1, Deposition of Malcolm Jackson taken December 16, 2005 ("Dep."), at 5, lines 9-21.)

8. While Plaintiff was in the R-4 foyer on June 17, 2003, he was instructed by Officer Kleinlein to leave the wing. (Dep. at 10, lines 7-16; Complaint at 4, ¶ 4.)

9. Plaintiff did not leave the wing at that time. (Defendants' Exhibit 1, Dep. at 10, lines 7-16; Complaint at 4, ¶ 5.)

10. Lieutenant Kurfman arrived on the wing and ordered Plaintiff to cuff up. (Defendants' Exhibit 1, Dep. at 10, lines 20-22; Complaint at 5, ¶¶ 4 and 6.)

11. Plaintiff did not follow the order to cuff up. (Defendants' Exhibit 1, Dep. at 10, lines 20-24; Complaint at 5, ¶¶ 6-7.)

12. Plaintiff was charged with prison disciplinary infractions of (a) assaulting any person, (b) dangerous disturbance, and (c) disobeying a direct order in connection with the June 17, 2003, incident. (Defendants' Exhibit 1, Dep. at 12, lines 22-24 and at 13, lines 1-7; see also Defendants' Exhibit 2, Disciplinary Report dated June 17, 2003.)

13. Plaintiff was also criminally charged in the matter, and pled guilty to the aggravated battery in case 03-CF-18, in the Circuit Court of the Eighth Judicial Circuit, Brown County, Illinois. (Defendants' Exhibit 2, Order entered January 2, 2004; Defendants' Exhibit 1, Dep. at 9-24 and at 23, lines 1-22.)

14. Plaintiff received notice of the disciplinary charges on June 19, 2003; the form also indicated a hearing would be held by the Adjustment Committee on those charges. (Complaint at 7, ¶ 5 and at 8, ¶ 1; Defendants' Exhibit 1, Dep. at 13, lines 8-11 and 21-24; Defendants' Exhibit 2, Disciplinary Report dated June 17, 2003.)

15. Plaintiff received such notification prior to the disciplinary hearing that was held on June 23, 2003. (Defendants' Exhibit 1, Dep. at 13, lines 8-11 and at 14, lines 1-3; Defendants' Exhibit 2, Disciplinary Report dated June 17, 2003.)

16. Plaintiff was not present at the June 23, 2003, disciplinary hearing held by the Adjustment Committee at Pontiac Correctional Center. (Defendants' Exhibit 1, Dep. at 13, lines 8-11 and at 14, lines 1-3; Defendants' Exhibit 2, Adjustment Committee Final Summary Report from hearing held June 23, 2003.)

17. Plaintiff was taken by a correctional officer to take a DNA sample for the Illinois State Police on June 23, 2003, but there is no proof of the time that sample was taken. (Defendants' Exhibit 1, Dep. at 14, lines 14-16 and at 18, lines 14-20.)

18. An Adjustment Committee "Verification of Notification Slip" was presented to the by the person who signed the slip, Officer Scott Mathews. (Defendants' Exhibit 3, Affidavit of Scott Mathews.)

19. The slip is used to advise the Committee that the inmate has been informed of his disciplinary hearing and refuses to appear before the Committee. (Defendants' Exhibit 3, Affidavit of Scott Mathews.)

20. The "Verification of Notification Slip" presented to the Committee states that at 9:08 a.m. on June 23, 2003, Officer Mathews had advised Resident Jackson, B79519, of an Adjustment Committee hearing on his disciplinary report on June 23, and that Jackson refused to appear. (Defendants' Exhibit 3, Affidavit of Scott Mathews.)

21. The persons who served on the June 23, 2003, Adjustment Committee were Dave Lingle and Terrance Durbin. (Defendants' Exhibit 2, Adjustment Committee Final Summary Report from hearing held June 23, 2003.)

22. The Adjustment Committee members relied upon the information provided by Officer Mathews that Plaintiff had been given an opportunity to appear, and refused to attend the June 23, 2003, hearing. (Defendants' Exhibit 4, affidavit of Terrance Durbin.)

23. The Adjustment Committee Final Summary Report from the June 23, 2003, hearing signed by Defendant Lingle states that the [disciplinary] report was read, and the offender refused to appear. (Defendants' Exhibit 2, Adjustment Committee Final Summary Report from hearing held June 23, 2003, at Record of Proceedings.)

24. The Committee found Plaintiff guilty of the disciplinary charges, and recommended, among other sanctions, the revocation of one year good conduct credit. (Defendants' Exhibit 2, Adjustment Committee Final Summary Report from hearing held June 23, 2003.)

25. Lieutenant Kurfman was not involved in the disciplinary hearing held June 23, 2003. Id.

26. While Warden Mote's signature is on the Adjustment Committee Final Summary Report from the hearing held June 23, 2003, Plaintiff does not have any evidence that Warden Mote personally signed the report. (Id.; Defendants' Exhibit 1, Dep. at 46, lines 5-7.)

27. Plaintiff's only allegations against William Myers relate to Defendant Myers' review of a grievance Plaintiff filed regarding the June 17, 2003, disciplinary ticket. (Complaint at 5, ¶ 7; Defendants' Exhibit 1, Dep. at 47, lines 4-24 and at 48, lines 1-5.)

28. Defendant Myers relied upon the Adjustment Committee's Final Summary Report and the Verification Slip, all of which indicated that Plaintiff had the opportunity to

appear before the Adjustment Committee on June 23, 2003, but refused to appear. (Defendants' Exhibit 6, Affidavit of William Myers.)

29. Plaintiff's grievance was denied, and he appealed the grievance to the Director of the Department of Corrections. (Complaint at 5, ¶ 8, Defendants' Exhibit 1, Dep. at 49, lines 1-4 and 15-20.)

30. Plaintiff's only allegations against Roger E. Walker Jr. relate to Director Walker's signature on the Administrative Review Board's response to Plaintiff's grievance appeal. (Complaint at 5, ¶ 8; Defendants' Exhibit 1, Dep. at 49, lines 13-24.)

31. Director Walker did not personally review or sign this grievance appeal; an administrative designee, Nancy Tucker, handled the grievance appeal on his behalf. (Defendants' Exhibit 6, affidavit of Terri Anderson.)

32. In response to Plaintiff's appeal of his grievance, Administrative Review Board ("ARB") Chairperson Jackie Miller held a hearing with Plaintiff present by videoconference on October 9, 2003. (Defendants' Exhibit 1, Dep. at 49, lines 18-24 and at 51, lines 3-14; Defendants' Exhibit 2, Hearing of Administrative Review Board held October 9, 2003.).

33. ARB Chairperson Miller reviewed the incident reports and the Adjustment Committee verification of notification slip, and recommended denying the grievance. Id.

34. Plaintiff was housed at Pontiac Correctional Center from June 17, 2003, to June 23, 2004. (Complaint at 15, ¶ 20 and at 16, ¶ 21.)

35. Plaintiff alleges that he was only receiving two meals a day for approximately one and a half months at Pontiac Correctional Center. (Defendants' Exhibit 1, Dep. at 35, lines 5-23.).

36. Plaintiff has no evidentiary support of any weight loss, as he did not see the doctor during that time period. (Defendants' Exhibit 1, Dep. at 36, lines 6-14.).

37. Plaintiff cannot identify who was responsible for the alleged missed meals, as he could not see the persons delivering the food trays. (Defendants' Exhibit 1, Dep. at 36, lines 1-5.).

38. Plaintiff admits he does not have any evidence to support his allegations of missed meals at Pontiac Correctional Center. (Defendants' Exhibit 1, Dep. at 37, lines 10-12.)

39. While Plaintiff alleges that the conditions of confinement at Pontiac were unpleasant and even depressing, he admits that he was not treated differently than the other inmates housed at Pontiac. (Defendants' Exhibit 1, Dep. at 40, lines 7-23.)

## Analysis

The plaintiff was entitled to procedural due process before his good time was revoked. *Whitlock v. Johnson*, 153 F.3d 380, 385 (7th Cir. 1988). That process is:

> 1. Written notice of the charge against the prisoner, given at least twenty-four hours prior to the hearing.
>
> 2. The right to appear in person before an impartial hearing body.
>
> 3. The right to call witnesses and to present documentary evidence, when to do so will not unduly jeopardize institutional safety or correctional goals.
>
> 4. A written statement of reasons for the disciplinary action taken.

*Black v. Lane*, 22 F.3d 1395, 1402, n. 9 (7th Cir. 1994), *citing Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir.1988)(*citing Wolff*, 418 U.S. at 563-67, 94 S.Ct. at 2978-80).

The plaintiff stated in his deposition that he did not receive notice of the adjustment committee hearing until he inquired about the status of his disciplinary ticket on June 23, 2003. He testified that, after his inquiry, he was told he was in line for his hearing that day, but then he was never given an opportunity to appear at the hearing. He testified that he did not learn of the hearing until after the fact, when he received a copy of the Summary.

The plaintiff does not dispute that he received written notice of the charges more than 24 hours before the hearing, or that he received notice that a hearing would be held. His claim is that he was not allowed to appear before the Committee when his disciplinary hearing was held, and, therefore, was not given a chance to defend the claim.

Now that the record is complete, the Court believes it clear that *Heck* bars the plaintiff's procedural due process claims. Initially the Court held off on that assessment because of the possibility that the plaintiff was claiming lack of notice of the charges and hearing. *See Clayton-El v. Fisher*, 96 F.3d 236, 243-44 (7th Cir. 1996)(failure to give notice of prison disciplinary hearing immediately cognizable regardless of outcome of disciplinary hearings). But the plaintiff in *Clayton-El* allegedly never received written notice of the charges. Here, the plaintiff received advanced written notice of the charge and of the fact that a hearing would be held, even if the date of that hearing was not given. What the plaintiff here claims is that he was not given a chance to appear and defend the charges. The inability to present a defense necessarily implies the invalidity of his disciplinary conviction. *See Edwards v. Balisok*, 520 U.S. at 646 (denial of exculpatory witnesses in disciplinary hearing revoking good time was "obvious procedural defect" for which courts have reinstated good time); *Lusz v. Scott*, 126 F.3d 1018, 1022 (7th Cir. 1997)(denial of opportunity to call witnesses and bias of hearing officer could result in a reinstatement of good time). The plaintiff's procedural due process claim has therefore not accrued within the meaning of *Heck*.

In any event, the plaintiff does not dispute that the defendants relied on the Verification of Notice provided by Matthews to conclude that the plaintiff was given notice but refused to appear at his hearing. He presents no evidence that this reliance was unreasonable. There is no indication that Matthews' affidavit is untrue–even if there was, there is no evidence that any of the defendants had reason to doubt the Verification. Accordingly, there is no evidence that the defendants knowingly refused to allow the plaintiff to appear at the hearing. His procedural due process claim therefore fails on the merits.

As to the plaintiff's Eighth Amendment claim, the court agrees that the plaintiff has failed to offer any proof of the allegations in his Complaint. Accordingly, summary judgment is mandated for the defendants on the Eighth Amendment claim.

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment is granted [d/e 28]. The clerk of the court is directed to enter judgment in favor of the defendants and against the plaintiff. All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs.

Entered this 16th Day of August, 2006.

**s\Harold A. Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE